# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

XINYUE HIPPE,
          **Plaintiff,**

    v.                                  **Case No. 25-cv-596**

RETENTION BRANDS, LLC,
          **Defendant.**

## DECISION AND ORDER TO SHOW CAUSE

On April 25, 2025, plaintiff Xinyue Hippe commenced this action alleging that defendant Retention Brands, LLC, violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, by failing to make a website it owns and operates (Birchbox.com) accessible to visually impaired users like plaintiff. She amended her complaint on June 12, 2025 after discovering the name of the proper defendant.

On June 26, 2025, plaintiff indicated by proof of service that defendant was served with the summons and complaint through its registered agent Kathleen Pluck. ECF No. 8. On September 9, 2025, the Clerk of Court entered default as to defendant. Plaintiff now moves for entry of default judgment under Federal Rule of Civil Procedure 55(b). Defendant has neither appeared nor responded to the motion. For the reasons that follow, plaintiff's motion for a permanent injunction is granted. However, upon review of the motion, several citations appear to be entirely fabricated or used for propositions that they do not support. In light of this, I will withhold judgment on attorney's fees and costs until plaintiff's counsel **SHOWS CAUSE** why he should not be sanctioned by forfeiture of fees and costs in this matter.

# I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the complaint raises a question of federal law. I have personal jurisdiction because it appears that defendant was properly served. Fed. R. Civ. P. 4(k)(1)(A).

# II. BACKGROUND

By failing to answer the complaint, defendant is deemed to have admitted all allegations in the complaint except those regarding damages. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020). Therefore, I accept the following allegations as true.

Plaintiff is a resident of Milwaukee, Wisconsin, and is legally blind. Compl. ¶¶ 18–19. As a result, plaintiff cannot use a computer without the assistance of screen reader software. *Id.* ¶ 19. For screen reading software to function, the information on a website must be capable of being rendered into text. *Id.* ¶ 24. Defendant owns and operates a commercial website, Birchbox.com, which offers beauty and personal care products for sale and subscriptions for the same. *Id.* ¶¶ 21. On April 7, 2025, plaintiff decided she wanted to subscribe to a Birchbox.com monthly subscription box that would allow her to explore a variety of skincare and cosmetic items. *Id.* ¶ 39. However, upon visiting the website, she encountered numerous accessibility issues that precluded her from completing her purchase. *Id*.

The World Wide Web Consortium has Web Content Accessibility Guidelines ("WCAG") that are followed by most large business entities and government agencies to ensure website accessibility. *Id.* ¶ 26. Plaintiff has identified several violations of the ADA, as expounded upon by the WCAG, at Birchbox.com. These include changing of content

without advance warning, inaccurate heading hierarchy, inadequate focus order, the lack of navigation links, unclear labels for interactive elements, incorrectly formatted lists, the requirement that transactions be performed solely with a mouse, and a lack of alternative text for screen reading software. *Id.* ¶¶ 32–34. Consequently, blind customers are essentially prevented from purchasing any items on Birchbox.com. *Id.* ¶ 35.

Despite being served, defendant has never appeared, answered, or otherwise responded to the complaint. The Clerk entered default on September 9, 2025. Plaintiff now moves for default judgment.

### III. DISCUSSION

Although defendant has admitted liability by failing to respond, plaintiff must still prove damages and show that the relief requested is appropriate. *See Domanus v. Lewicki*, 743 F.3d 290, 303 (7th Cir. 2014); Fed. R. Civ. P. 55(b)(2). I must determine the amount of damages "with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (2004).

Plaintiff does not seek any monetary damages. Instead, she asks me to declare the defendant's website violates Title III of the ADA, issue a permanent injunction requiring defendant to remedy the of inaccessibility on the website, and reserve jurisdiction to assure compliance with the judgment and calculate an appropriate award of attorney fees.

I agree that an injunction requiring defendant to bring the website within substantial compliance of the ADA and WCAG is warranted. Courts apply a four-factor test for permanent injunctions: irreparable harm, inadequacy of legal remedies, balance of hardships, and the public interest. *Liebhart v. SPX Corp.*, 998 F.3d 772, 779 (7th Cir. 2021). First, plaintiff clearly suffers irreparable harm in being denied access to a website.

3

While the website remains inaccessible, plaintiff continues being denied access to a place of public accommodation. *See McCabe v. Tire Web LLC*, Case No. 23-cv-459-pp, 2024 WL 4144200 at *5 (E.D. Wis. Sept. 11, 2024) (collecting cases holding that websites constitute places of public accommodation under Title III of the ADA). Second, Title III of the ADA does not provide for money damages, making legal remedies not only inadequate but unavailable. *Scherr v. Marriott Intern., Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013). Third, the balance of hardships clearly weighs in favor of plaintiff. Again, there is essentially no remedy for plaintiff's injury absent this injunction. Therefore, denying the injunction would cause extreme hardship. In contrast, because companies routinely use WCAG to guide accessibility to websites, it appears that any hardship on defendant is typical and generally borne by this type of company. Finally, as to the public interest, Congress has clearly articulated a policy interest in the accessibility of public accommodations by its passage of the ADA. Granting this injunction would further this policy objective and be a benefit to the public interest. I also recognize that the requested injunction is specific and definite, which meets the requirements of Federal Rule of Civil Procedure 65(d)(1).

With that said, I will not award attorney costs and fees at this time. Plaintiff's first citations in paragraphs sixteen and seventeen are entirely fabricated, nonexistent, and bogus.[1] These are troubling not only because the citations do not exist, but also because I am unable to find a *single* case that stands for the proposition counsel makes in

---

[1] I do not include the hallucinated citations here because I do not want false, nonexistent citations to become part of a published record which could be cited in the future.

4

paragraph seventeen.[2] Hallucinated citations are highly suspicious and typically hallmarks of Artificial Intelligence ("AI") use. Of course, absent counsel's response, I have no way to know whether this is, in fact, the source of these fabrications. However, the motion also bears additional AI fingerprints.

In addition to these fabrications, at least two other citations are entirely irrelevant to the propositions that counsel cites them for. For example, in paragraph twenty-three, counsel cites *Goodman v. Ill. Dep't of Fin. And Pro. Regul.* for the proposition that "Title III of the ADA does not provide compensatory or punitive damages." 430 F.3d 432, 438 (7th Cir. 2005). While this statement is true, *Goodman* makes no such statement nor could a similar statement be inferred from the case. In *Goodman*, a chiropractor challenged the Illinois Medical Practice Act as a violation of the First Amendment and sought a preliminary injunction. *Id*. There is no reference to Title III of the ADA, or the ADA at all. Similarly, in paragraph twenty-four, counsel cites *Sierra Club v. Franklin Cnty. Power of Ill.* as evidence that courts and the Department of Justice recognize the importance of accessibility and find that certain required fixes are "modest in cost relative to the harms avoided." 546 F.3d 918, 936-937. In *Sierra Club*, an environmental organization sought to enjoying a power company from building a coal power plant. It does not reference the ADA, accessibility, or websites, and the subject matter is wholly divorced from the proposition that counsel makes.

At best, this work is sloppy. At worst, it is willfully dishonest. Counsel is directed to respond to this order and explain the source of these inaccuracies—including whether AI

---

[2] In fact, I also cannot find a single case to which Thrustmaster of America, Inc. is party in the *entire federal court system*.

Case 2:25-cv-00596-LA    Filed 06/23/26    Page 5 of 7    Document 14

was used—and why he should nonetheless be awarded attorney's costs and fees in this case. "[I]n every filing lawyers represent that all 'legal contentions are warranted by existing law or nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" *Dec v. Mullen*, 171 F.4th 940, 947–48 (7th Cir. 2026) (quoting Fed. R. Civ. P. 11(b)(2)). In the future, counsel should ensure that all citations are properly cite-checked before any submissions to this or any other court.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that plaintiff's Motion for Default Judgment (ECF No. 11) is **GRANTED**. The Clerk will not enter judgment until the resolution of attorney's costs and fees.

**IT IS FURTHER ORDERED** that defendant Retention Brands, LLC, alter Birchbox.com to comply with the ADA, 42 U.S.C. § 12181, *et seq.*, within 180 days from the entry of this order as follows:

Defendant shall

(i) Provide alt-text for all meaningful images;

(ii) Correct form field labeling to enable accurate screen reader interaction;

(iii) Add "skip to content" functionality;

(iv) Ensure all navigation menus and dropdowns are accessible via keyboard;

(v) Ensure interactive elements are programmatically focusable and announced correctly;

(vi) Within 180 days of the entry of this order, file with this Court a sworn certification of compliance by an officer or authorized representative, under penalty of perjury.

6

**IT IS FURTHER ORDERED** that the Court retains jurisdiction of this action for the purpose of plaintiff seeking attorney fees and costs, and to supervise compliance with this order.

**IT IS FURTHER ORDERED** that counsel for plaintiff respond to this order and **SHOW CAUSE** why he should not forfeit all attorney's fees and costs as a sanction for false representations made to the Court. That response should also explain the source of the false and inaccurate citations. The response is **due twenty-one days from the entry of this order.**

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

7